UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIE DENNIS<br><br>            Plaintiff,<br><br>   vs.<br><br>WALDORF=ASTORIA MANAGEMENT, LLC, d/b/a THE ROOSEVELT NEW ORLEANS<br><br>            Defendants. | Civil Action No.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>**<u>Jury Trial Demanded</u>** |

## <u>COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, MARIE DENNIS, who respectfully represents that:

1.

Made plaintiff herein is MARIE DENNIS, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

2.

Made defendant herein is Waldorf=Astoria Management, LLC d/b/a The Roosevelt New Orleans, A Waldorf Astoria Hotel, (hereinafter "Waldorf=Astoria" and/or "Defendant), a foreign company authorized to do and doing business in the State of Louisiana, incorporated in the state of Delaware, with its principal business office in Virginia and its principal place of business in New Orleans, Louisiana, and which may be served through its agent for service, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana.

1

3.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties' citizenships are completely diverse and the amount in dispute exceeds $75,000.00.

4.

Venue is proper because Plaintiff sustained the damages complained of herein in Orleans Parish, Louisiana, within the boundaries of the Eastern District of Louisiana.

5.

Waldorf=Astoria and/or Defendant is justly and truly indebted jointly, severally, and *in solido* to plaintiff herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

6.

At all times relevant herein, Waldorf=Astoria owned, managed, operated or otherwise possessed The Roosevelt New Orleans, A Waldorf Astoria Hotel, in which the Plaintiff was injured and Defendant had either actual or constructive knowledge of the hazard that caused the Plaintiff's injuries but failed to take reasonable steps to correct the hazard or otherwise prevent the injuries to Plaintiff.

7.

On or about December 23, 2017, Marie Dennis was a guest on the premises of The Roosevelt New Orleans, A Waldorf Astoria Hotel located at 130 Roosevelt Way, New Orleans, Louisiana.  Marie Dennis had requested accommodations and a bathroom that was handicapped equipped.  The shower in Marie Dennis' room was equipped with a handicapped pull-out seat but

failed to have a fixed type railing, grab bars and/or hand rails to assist in the safe entry and exiting of the shower.

8.

When Marie Dennis attempted to exit the shower after bathing, the bath mats in the bathroom failed to have non-skid surfaces and when Marie Dennis put her foot on the bath mat as she exited the shower, the mat slipped, causing Plaintiff to crash against the wall and fall to the floor, suffering serious personal injuries.

9.

Due to the defective condition on the floor, and failure of Defendant to equip the handicap rooms with a non-slip bath mats, hand railings and/or grab bars, Marie Dennis suffered severe personal injury requiring hospitalization and eventual surgery.  This condition was created by the Defendant or was allowed to remain for an unreasonable period of time after it knew or should have known of it.

10.

Following the accident, Marie Dennis reported the incident to the Defendant and Defendant sent its security team to Plaintiff's room to photograph and document the incident.  Plaintiff has requested in writing, copies of the photographs and the incident report, but Defendant refuses to provide the requested information and refuses to confirm whether Defendant has properly preserved the evidence.

11.

Marie Dennis' injuries were caused by the negligence of Defendant and/or its agents, employees, servants, or others for whom it is legally responsible in the following non-exclusive particulars:

a) Failure to provide a safe place for its patrons and guests, including Marie Dennis;

b) Failing to provide non-slip bath mats and/or having knowledge or constructive knowledge of the hazards created, yet failing to take reasonable steps to correct or otherwise prevent the injuries.

c) Failure to provide hand rails and/or grab rails in all of its handicapped guest rooms.

d) Failing to take adequate and proper steps, including but not limited to failing to warn of the hazard;

e) Failing to properly provide a safe handicapped accessible and equipped bathroom;

f) Failing to institute, promulgate and enforce policies and procedures that would have required reasonable steps to have determined the defective condition of the guard rails and bath mats and slippery floor conditions in a handicapped equipped bathroom and to have corrected the defect and,

g) Other acts of negligence to be proven at trial.

12.

No action or inaction on the part of the Plaintiff caused or contributed to the happening of the incident aforesaid.

13.

As a direct result of Defendant's negligence, fault and breach of duties owed, Marie Dennis has suffered physical injury and pain as a result of the injuries in the fall, which eventually required hospitalization and surgery, including aggravation of conditions that may have predated the accident, mental pain and suffering, emotional anguish, loss of enjoyment of life, and economic loss, including medical bills, all of which warrant an award in her favor for damages that are reasonable under the circumstances

14.

Plaintiff reserves the right to supplement and amend this Complaint, in the event it is determined that Defendant, or its' employees and/or agents has destroyed, altered and or failed to properly preserve evidence related to the incident made subject to this action.

4

15.

Defendant is responsible for the actions of their employees and/or agents by the doctrine

of respondeat superior and should respond in monetary damages for their actions or inactions.

16.

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff herein prays that after expiration of all legal delays and due

proceedings, there be judgment rendered in favor of Plaintiff and against Defendant, in an amount

that will fully compensate Plaintiff for the damages pursuant to the evidence and in accordance

with the law; all sums with legal interest thereon from the date of judicial demand until fully paid,

for all costs of these proceedings, and for all general and equitable relief.


Dated:   July 17, 2018

Respectfully submitted,

O'BELL LAW FIRM, LLC

By:_____*Eric J. O'Bell*_____
Eric J. O'Bell
Louisiana Bar No. 26693
3500 North Hullen Street
Metairie, LA 70002
*ejo@obelllawfirm.com*
Tel.: (504) 456-8677
Fax: (504) 456-8653